

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed July 5, 2022

_____
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>FRESH ACQUISITIONS, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. Case No. 21-30721 (SGJ)<br>(Jointly Administered) |
| DAVID GONZALES, TRUSTEE OF THE FRESH ACQUISITION LIQUIDATING TRUST,<br><br>                Plaintiff,<br>v.<br><br>PLANNED ADMINISTRATORS, INC.; JLL CONSULTANTS, INC., AS TRUSTEE OF THE BUFFETS HOLDINGS, INC. ET AL. LITIGATION TRUST; JLL CONSULTANTS, INC., AS TRUSTEE OF THE LITIGATION TRUST; and META ADVISORS, LLC, AS TRUSTEE OF THE UNSECURED CREDITORS' TRUST,<br>                Defendants. | Adv. No. 22-03044-SGJ<br><br>**JUDGMENT FOR DECLARATORY RELIEF** |

The Plaintiff, David Gonzales, Liquidating Trustee (the "Plaintiff" or "Trustee") on behalf of the Fresh Acquisition Liquidating Trust (the "Trust"), filed his *Complaint for Declaratory Relief* [Adversary Docket No. 1] ("Complaint"). An Entry of Default has been entered against each of the following Defendants: (a) JLL CONSULTANTS, INC., AS TRUSTEE OF THE BUFFETS HOLDINGS, INC. ET AL. LITIGATION TRUST; (b) META ADVISORS, LLC, AS TRUSTEE OF THE UNSECURED CREDITORS' TRUST; and (c) JLL CONSULTANTS, INC., AS TRUSTEE OF THE LITIGATION TRUST (Adversary Docket Nos. 17, 18, and 19). The remaining Defendant, PLANNED ADMINISTRATORS, INC. ("PAI"), has stipulated and agreed to the entry of this J*udgment for Declaratory Relief* [Adversary Docket No. 20].

The Court finds that:

1. This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11 of the United States Code (the "Bankruptcy Code") and arises in and relates to a case under the Bankruptcy Code pending in the United States Bankruptcy Court for the Northern District of Texas, *In re Fresh Acquisitions, LLC, et al.* (collectively "Debtors"), Case No. 21-30721 (SGJ) (Jointly Administered), under 28 U.S.C. §§ 157(b)(2) & 1334 ("Bankruptcy Case").

2. This is a core proceeding under 28 U.S.C. § 157(b). Plaintiff and PAI have consented to entry of a final judgment by this Court with respect to the allegations and matters presented in the *Complaint for Declaratory Relief* [Adversary Docket No. 1] ("Complaint").

3. Declaratory relief is appropriate pursuant to Bankruptcy Rule 7001 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Pursuant to the Plan and Confirmation Order (each as defined below), this Court retained jurisdiction after the Effective Date (as defined below), (a) as to

all proceedings and other matters arising in or relating to this Bankruptcy Case, including any adversary proceeding commenced after the Effective Date, and (b) in order to hear and determine any rights held by or accruing to the Trust pursuant to the Plan (as defined below), this Bankruptcy Case, or pursuant to any federal or state statute or legal theory.

5. The Trust was formed as of January 3, 2022, which was the Effective Date ("Effective Date") of *The Official Committee of Unsecured Creditors' First Amended Joint Chapter 11 Plan of Liquidation* filed on October 30, 2021 (the "Plan"), [Administrative Docket No. 498], which was confirmed pursuant to the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming The Official Committee of Unsecured Creditors' First Amended Joint Chapter 11 Plan of Liquidation* entered on December 12, 2021 ("Confirmation Order") [Administrative Docket No. 587].

6. In accordance with the terms of the Plan and the Confirmation Order, on the Effective Date, the Trustee was granted the rights and powers of a debtor in possession under Bankruptcy Code Section 1107 and such other powers, rights, and duties to effectuate the provisions of the Plan.

7. In addition, in accordance with the terms of the Plan, the Confirmation Order, and the First Acquisition Liquidating Trust Agreement ("Trust Agreement") [Administrative Docket No. 499], on the Effective Date, (a) all causes of action of the Debtors were vested in the Trust and the Trustee was conferred with standing to bring and prosecute the causes of action vested and transferred to the Trust on behalf of the Trust; and (b) all of the Debtors' assets as provided in Section 541of the Bankruptcy Code were transferred to and vested in the Trust ("Liquidating Trust Assets").

8. The monies that are the subject of the Complaint are part of the

Liquidating Trust Assets.

9. Effective as of January 1, 2006, Ryan's Restaurant Group, Inc. ("Ryan's Restaurant Inc.") and Defendant PAI entered into an Administrative Services Only (ASO) Agreement ("Services Agreement"), pursuant to which PAI agreed to provide administration and claims services for the self-insured general medical and other welfare benefit plans created by Ryan's Restaurant Inc. for certain of its employees. All or a portion of Ryan's Restaurant Inc.'s rights under the Services Agreement were subsequently assigned to one or more of the Debtors in this Bankruptcy Case.

10. Prior to the Effective Date, the Debtors and the Trustee were advised by PAI that there was a Credit Balance of $98,657.93 being held by PAI that had accumulated during and after the term of the Services Agreement ("Credit Balance").

11. PAI claims no right or interest in the Credit Balance and seeks to have the Credit Balance paid to the proper party. No party to the Complaint, except for the Trustee, has claimed any right or interest in the Credit Balance.

12. An actual legal and substantial controversy exists between the parties regarding whether the Credit Balance was property of this Bankruptcy Case under Section 541 of the Bankruptcy Code and is now part of Liquidating Trust Assets. That controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2.

13. All rights, claims, and interests under the Services Agreement and in and to the Credit Balance were property of this Bankruptcy Case under Section 541 of the Bankruptcy Code and are now part of Liquidating Trust Assets

14. Accordingly, the Plaintiff is entitled to a declaratory judgment declaring the rights and other legal relationships of the interested parties that: (a) the Credit

Balance is part of the Liquidating Trust Assets being administered by the Trustee pursuant to the Plan and Confirmation Order, (b) PAI be authorized and directed to pay the Credit Balance to the Plaintiff as Trustee of the Trust, and (c) none of the Defendants have any right, title, claim, or interest in or to the Credit Balance.

NOW, THEREFORE, IT IS ORDERED:

A. The relief sought by the Complaint is granted;

B. All rights, claims, and interests under the Services Agreement and in and to the Credit Balance are property of this Bankruptcy Case under Section 541 of the Bankruptcy Code and are now part of Liquidating Trust Assets being administered by the Trustee pursuant to the Plan and Confirmation Order;

C. None of the Defendants have any right, title, claim, or interest in and to the Credit Balance; and

D. PAI is authorized and directed to pay the Credit Balance to the Plaintiff as Trustee of the Trust.

# # # END OF ORDER # # #

SUBMITTED BY:

/s/ Kathryn E. Gasior
Carolyn J. Johnsen
Texas Bar No. 19844600
William L. Novotny (admitted *pro hac vice*)
Arizona Bar. No. 4239
Amanda E. Newman
Arizona Bar No. 032462 (admitted N.D. Tex.)
Kathryn E. Gasior
Arizona Bar No. 037062 (admitted N.D. Tex.)
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Telephone: (602) 285-5000
Facsimile: (844) 670-6009
cjjohnsen@dickinsonwright.com
wnovotny@dickinsonwright.com
anewman@dickinsonwright.com
kgasior@dickinsonwright.com
*Counsel for Trustee*

4871-0328-7582 v1 [74463-2]